(C. D. 796)

Standard Fruit & Steamship Co. *v.* United States

United States Customs Court, Second Division

(Decided July 14, 1943)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON and KINCHELOE, Judges; LAWRENCE, J., not participating

TILSON, Judge: By this suit against the United States plaintiff seeks to recover a certain sum of money alleged to have been illegally exacted upon imported steam engines, dynamos, and spare parts. Duty was levied upon this merchandise as an entirety at the rate of 35 per centum ad valorem under paragraph 353 of the act of 1930. There is nothing among the official papers which gives any indication as to how the collector classified this merchandise. The plaintiff claims the merchandise, as an entirety, to be properly dutiable at 27½ per centum ad valorem under paragraph 372 of the act of 1930, as machines not specially provided for, and by amendment it is claimed that the merchandise is dutiable at only 15 per centum ad valorem under the same paragraph as reciprocating steam engines.

At the trial of the case counsel for the plaintiff called an examiner of merchandise who stated that he would now return the steam engines at 15 per centum under paragraph 372 and the dynamos at 35 per centum under paragraph 353; that the dynamos require motivating power, not electrical, to operate, and that the dynamos could be operated by some power other than the steam engines, and that the dynamos were suitable for producing, rectifying, modifying, controlling, or distributing electrical energy. Counsel for the plaintiff conceded that the dynamos are suitable for, and do produce, electrical energy.

In his brief filed herein counsel for the plaintiff strenuously contends that the reciprocating steam engines and the dynamos are dutiable as an entirety under paragraph 372, as reciprocating steam engines. With this contention we are not able to agree. In the case of *Sheldon* v. *United States*, T. D. 42315, this court, in a very sound and convincing opinion, held a very similar contention to be untenable. We quote the following from that opinion:

Possibly more in point is the decision of the same appellate tribunal in *Columbia Shipbuilding Co.* v. *United States* (11 Ct. Cust. Appls. 281; T. D. 39085) wherein it was held that certain steam engines and their accompanying fans were dutiable as separate entities, even though the two were constructed and designed to be

operated together for supplying forced draft to boilers of vessels. After describing the articles, and commenting on the fact that the engines and fans were intended to be operated as a unit, the court said:

With this description of the articles before us, we conclude that the engines and fans as imported were not entireties, notwithstanding the fact that they were designed to be operated together; for when the articles are installed for use each retains its own name and essential character, and neither one becomes in fact a part of the other. Nor do they then merge or unite so as to form together a new or distinct article having a different name or character. When in use the engine simply performs the function of an engine and retains its name as such, and the fan performs the function of a fan only and retains its separate name also.

Likewise, in the present case it is conclusively shown that the engines in question have in no sense lost their identity as such, and of course the same is equally true concerning the alternators, exciters, and other specific mechanisms in the shipment. This fact cannot be ignored merely because the whole is operated as a unit; otherwise little or no effect and operation could be given to the specific provision for steam engines, since the latter class of mechanisms of their very nature are designed to furnish power to some other kind of mechanisms or machines. Surely it will not be denied that if the present importation consisted of the complete steam engines only, it would unquestionably be so classifiable for tariff purposes. Can a different classification be given the steam engines merely because of the presence in the same importation of the machinery which the engines are designed to operate? If so, it would be possible to import all the necessary machines to fully equip a machine shop and secure their classification as an entirety—to be exact, as one machine—merely because the engine which operated all the machines as a unit happened to accompany the shipment.

The applicable rule of law in the present case is well stated in *United States* v. *Myers* (11 Ct. Cust. Appls. 409; T. D. 39322). There the importation consisted of carcasses of calves with the skins on. In holding the skins and veal separately classifiable for tariff purposes, the court said:

* * * we think that the question herein submitted finds its answer in the established rule that where an importation consists of two distinct and segregable tariff entities, which, however, are attached to one another or commingled together, they should nevertheless be separately treated in the assessment each accordingly bearing the rate of duty applicable to it, or admitted free of duty if entitled thereto.

On the above authority we hold the reciprocating steam engines and dynamos in this case should be separately treated in the assessment of duty, each accordingly bearing the rate of duty applicable to it. Since, as we have held, the entire importation in this case does not consist of complete reciprocating steam engines, but of complete reciprocating steam engines and complete dynamos, the case of *Standard Scientific Supply Corp.* v. *United States*, Abstract 26991, has no application here.

The dynamos are dutiable under the provision for "* * * articles suitable for producing * * * electrical energy; * * *" and, therefore, do not fall within the provision in said paragraph 353 for "articles having as an essential feature an electrical element or device * * *." Therefore, authorities dealing with the question of whether imported merchandise is dutiable under paragraph 372 as machines not specially provided for, or textile machinery not specially provided for, or under paragraph 353 as articles having as an essential

feature an electrical element or device have little, if any, application here. There is no question in this case as to whether the reciprocating steam engines have as an essential feature an electrical element or device. Concededly they do not have such a feature. Neither is there any question as to whether or not the dynamos have as an essential feature an electrical element or device, since they are specifically provided for as articles suitable for producing electrical energy.

For the reasons stated and following the authorities cited and quoted, we hold the reciprocating steam engines to be properly dutiable at only 15 per centum ad valorem under paragraph 372 of the act of 1930, as reciprocating steam engines, and the dynamos we hold to be properly dutiable at 35 per centum ad valorem under paragraph 353 of said act, as classified by the collector.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.